## In the Matter of Diane R. HURTT, Respondent.

### No. 79S00–1402–DI–93.

Supreme Court of Indiana.

Oct. 24, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was assigned to represent parents in one case alleging a child in need of services ("CHINS"), a termination of parental rights ("TPR") case that followed that particular CHINS case, and two separate TPR cases. In all four cases, the parents requested Respondent to file an appeal from adverse rulings in the trial court. In each case, Respondent failed to timely file an appeal. In each case, Respondent also failed to inform her clients of the status of

their cases, including that no appeal had been filed.

**Violation:** The parties agree that in these four cases, Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

The parties do not cite any facts in aggravation. The parties cite the following facts in mitigation: (1) During the times relevant to these four cases, Respondent suffered from emotional and mental stress that was directly related to her ability to complete her clients' appeals; (2) Respondent has been successfully undergoing mental health therapy and has a very limited legal practice; (3) Respondent has complied with all recommendations of her mental health professionals and agrees to continue to do so as a condition of probation; (4) Respondent has been cooperative with the Commission and acknowledges the violations of professional conduct in these four cases; and (5) Respondent has no prior discipline.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning December 5, 2014, with 90 days actively served and the remainder stayed subject to completion of at least two years of probation with JLAP monitoring.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall have no violations of the Rules of Professional Conduct during her probation and shall comply with CLE and attorney registration requirements.

(2) Respondent shall promptly report to the Commission any violation of the terms of Respondent's probation or any change in circumstance which would materially restrict Respondent's ability to comply with probation.

(3) Respondent shall continue therapy and medication as recommended by her therapist and physician. In the event her therapist or physician recommends discontinuing therapy or medication, notice shall be given to the Commission and JLAP and, if neither has an objection, the terms of probation shall be altered accordingly.

(4) If Respondent violates the terms of her probation, the stay of her suspension shall be vacated and the balance of the stayed suspension shall be actively served without automatic reinstatement.

(5) As a condition of probation, Respondent shall pay the costs of this proceeding within 30 days of the completion of the probation.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except RUSH, C.J., who did not participate, and DAVID, J., who dissents, believing the agreed discipline to be inadequate for the admitted misconduct.